IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSI PHARMACEUTICALS, INC., PFIZER INC. and GENENTECH, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>    Defendant. | C.A. No. 09-185-SLR<br>(consolidated) |
| OSI PHARMACEUTICALS, INC., PFIZER INC. and GENENTECH, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br><br>    Defendant. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties in these actions, plaintiffs OSI Pharmaceuticals, Inc. ("OSI"), Pfizer Inc. ("Pfizer"), and Genentech, Inc. ("Genentech") and defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Mylan Pharmaceuticals, Inc. ("Mylan"), believe, and the Court has determined, that good cause exists for entry of this Order; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information of the parties, their affiliates or third parties; and

WHEREAS, the parties recognize that confidential information is being produced only for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the confidential information produced by a party or its affiliates to any other party or by a third party to any party in the course of this civil action:

1. The term "Confidential Information" as used in this Order includes all documents, information, testimony or things produced during discovery which a party, in good faith, deems to be confidential in nature and that (a) is not publicly known and that the party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, or that (b) comprises or contains information that the party claims in good faith to constitute or relate to sensitive proprietary information, such as non-public license agreements or negotiations, trade secrets or other confidential research, development, or commercial information.

2. The term "Highly Confidential Information" as used in this Order includes all documents, information, testimony or things produced during discovery that contains or discloses information relating to, referencing, or pertaining to highly sensitive or highly proprietary technical, business or personal information, the improper use or disclosure of which could do harm to the Producing Party's business, employees, or other persons and falls into one of the following categories: trade secrets relating to current or future products; non-public information concerning research, development, or formulation of Defendants' respective proposed erlotinib products; non-public patent applications and documents related thereto; non-

public manufacturing information; non-public information concerning drug applications; and non-public communications with the Food and Drug Administration or any drafts thereof.

3.  Highly Confidential or Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Highly Confidential or Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such information shall also be deemed Highly Confidential or Confidential Information. The parties will designate all Confidential Information as "Confidential" and Highly Confidential Information as "Highly Confidential."

4.  Confidential and Highly Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of this civil action. Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential or Highly Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

5.  The term "Producing Party" means the party or person designating documents or information as Confidential or Highly Confidential Information under this Order.

6.  The term "Receiving Party" shall mean the party to whom the Confidential or Highly Confidential Information is disclosed.

7.  The parties (or third parties producing documents or other evidence for use in this proceeding) may designate material as Confidential or Highly Confidential in the following manner:

(a) All deposition transcripts shall be treated as "Highly Confidential" in their entirety until the expiration of fourteen (14) calendar days after receipt of the final transcript, unless otherwise designated prior to the expiration of that period. A party (or third party producing documents or other evidence for use in this proceeding) may designate any deposition transcript or portion thereof as "Confidential" or "Highly Confidential" by so stating on the record or by giving notice in writing to the other parties within fourteen (14) calendar days after receipt of the final transcript. A transcript that has not been designated as "Confidential" or "Highly Confidential" within the time permitted by this provision shall therafter not be subject to this Protective Order. All designations of confidentiality shall be made reasonably and in good faith. The video recording of a deposition (if any) shall be subject to the same level of confidentiality to which the transcript is subject pursuant to this provision. The original and each copy of any designated transcript and any corresponding video recording shall be marked with the applicable designation.

(b) Confidential or Highly Confidential Information contained in any affidavit, brief, motion, memorandum or other paper filed with the Court in this action, or discovery request or response served on a party, may be designated as Confidential or Highly Confidential by indicating on the face of such documents that one or more parties consider them to contain Confidential or Highly Confidential Information, respectively. If requested by the party served with any such document, the serving party shall provide a non-confidential version of the document by redacting its and its co-party's Confidential and/or Highly Confidential Information within three (3) business days to the requesting party.

(c) Documents produced in discovery that contain Confidential or Highly Confidential Information shall be designated by conspicuously affixing a legend in the

4

form of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The produced copies will bear the Producing Party's confidentiality legend, and upon production the information will be treated as Confidential or Highly Confidential Information, as designated.

      8. Except with the prior written consent of the Producing Party, material designated "Confidential," and any summary, description or report containing such information, may be disclosed only to the following persons:

      (a) Outside counsel of record for the respective parties to this litigation and employees, contractors or vendors of said counsel who are assisting in the prosecution or defense of this litigation.

      (b) Four (4) in-house attorneys of each party's legal/patent staff who are working in connection with the prosecution or defense of this action, as well as paralegal assistants, stenographic and cleric employees working under the direct supervision of such individuals. The in-house attorneys may be designated below or by written notice at a later time. The designated in-house attorneys herein are:

      For OSI: (1) Barbara Wood, General Counsel (2) Michael Rafa, Chief Patent Counsel.

      For Pfizer: Jeffrey Myers, Vice President and Assistant General Counsel.

      For Genentech: To be designated.

For Teva USA: (1) David Stark, General Counsel, Teva Pharmaceuticals USA, Inc. (2) Staci Julie, Associate General Counsel, Teva Pharmaceuticals USA, Inc., (3) Jeanine Graham, Associate Director, Legal Affairs, Teva Pharmaceuticals USA, Inc.

For Mylan: (1) Jill Ondos, Vice President and Global Associate General Counsel, Mylan Inc., (2) Andrew Kozusko, Associate Litigation Counsel, Mylan Inc., (3) Andrew Falsetti, Assistant Litigation Counsel, Mylan Inc.

The designated in-house attorneys may be substituted upon consent or showing of good cause. If any designated in-house attorney becomes no longer employed by the designating party during the course of this litigation, this fact shall constitute good cause to substitute the designated in-house attorney with another in-house attorney who has been assigned to work in connection with the prosecution or defense of this action.

(c) Outside experts and consultants (and their employees or clerical assistants) who execute an undertaking in the form attached hereto as Exhibit B and have been approved by the Producing Party according to Paragraph 11(c) and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party.

(d) Court personnel in the conduct of their official duties and the trier of fact.

(e) Persons or organizations expressly retained to assist or serve as translators, interpreters, copy services, court reporters, graphics and trial consultants, and document imaging and database consultants.

(f) Any person who is indicated on the face of the document to be its originator or author or a recipient thereof; and

(g) Any other person, either with the prior written consent of the Producing Party or pursuant to an order of the Court.

9. Except with the prior written consent of the Producing Party, material designated "Highly Confidential," and any summary, description or report containing such information, may be disclosed only to persons in categories 8(a) and 8(c)-(g).

10. Confidential and Highly Confidential Information may be used in the course of the trial of this action, subject to such restrictions as the Court may find are reasonable to protect its confidentiality.

11. (a) A party may exclude from a deposition any person who is not entitled to have access to Confidential or Highly Confidential Information when such information is the subject of examination.

(b) No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 8(b) until such individual completes and executes an undertaking in the form attached hereto as Exhibit A.

(c) Before disclosing Confidential or Highly Confidential Information to any person under subparagraph 8(c), such person shall be given a copy of this Order and shall complete and sign an undertaking in the form attached hereto as Exhibit B; and the party seeking to make such disclosure shall first give written notice to counsel for each Producing Party of the name and address of the person to whom disclosure is to be made, a current resume or curriculum vitae, and a disclosure of such person's prior or present relationship, if any, with the parties. If a Producing Party reasonably believes it would be harmed by the proposed disclosure, it may object in writing to such disclosure within seven (7) business days after receipt of the notice. In the event of an objection, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the party seeking disclosure may request that the Court issue an order permitting the disclosure. No disclosure shall be made until the expiration of the seven (7) business day period for the opposing party to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(d) The original of each undertaking in the form of Exhibit A or B attached hereto shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to any individual under subparagraph 8(b) or 8(c) any Confidential or Highly Confidential Information.

(e) The disclosure of the identity of a non-testifying expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product. The parties agree that by stipulating to the entry of this Order, the parties do not otherwise intend to modify in any way the discovery rules applicable to consulting experts.

12. Designations of Confidential or Highly Confidential Information shall constitute a representation that there is a valid basis for such designation. The attorneys of record for the parties shall exercise reasonable efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information to ensure that the confidential nature of the same is maintained.

13. The following categories of information shall not be designated as Confidential or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no improper act, omission or fault of any Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligation of confidentiality; (d) any information that after its disclosure in this action is rightfully received without any obligation of confidentiality by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party from a third party having the right to disclose such information; or (e) any information that was independently developed by the Receiving Party without the use of or reliance upon any designated material disclosed by the Producing Party.

14. During the pendency of this action, any dispute as to whether information is Confidential or Highly Confidential Information under the terms of this Order shall be

resolved according to the procedure set forth in this paragraph. If a Receiving Party disagrees with the designation of any information as Confidential or Highly Confidential Information, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall seek to resolve any such dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) business days following the service of the objection. The burden of proving that information has been properly designated as Confidential or Highly Confidential is on the party making such designation. Until there is a determination by the Court, the information in issue shall be treated as Confidential or Highly Confidential Information, as designated. Any failure to object to any material being designated as Confidential or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes Confidential or Highly Confidential Information.

15. Confidential or Highly Confidential Information produced by a party may be disclosed to a witness in the course of his or her deposition in this action if the witness is (1) a Rule 30(b)(6) deposition witness on behalf of, or any current employee of, the Producing Party; or (2) a former employee of the Producing Party who was employed by the Producing Party at the time the Confidential or Highly Confidential Information was created or distributed.

16. Nothing in this Protective Order shall preclude a Producing Party from disclosing to anyone or using in any way its own Confidential or Highly Confidential Information.

17. Any person receiving Confidential or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information

under this Order. If Confidential or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, counsel for the Receiving Party will promptly inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

18. Written material constituting or containing Confidential or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in accordance with the applicable local rules and electronic filing procedures of the Court.

19. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

20. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly provide notice to the Receiving Party in writing within a reasonable time after the inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, such information shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose except application to the Court until further Order of

the Court. In response to an application to the Court by the Receiving Party to compel production of such information, the Producing Party shall submit the documents or testimony at issue to the Court for in camera inspection. In any motion to compel production under this paragraph, the Producing Party shall have the burden of proof to show that the inadvertently produced material is privileged or confidential.

21.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

22.     Third parties who produce information in this action may avail themselves of the provisions of this Order, and in such event discovery materials produced by third parties shall be treated by the parties in conformance with this Order.

23.     In the event that any of the parties (a) is subpoenaed or subject to a demand for the production of documents in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential or Highly Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the information and promptly give written notice to the Producing Party to enable the Producing Party to intervene and object to the subpoena or demand, if it so desires. Nothing in this Order shall be construed as precluding production of Confidential or Highly Confidential Information covered by this Order in response to a lawful court order.

24. (a) Within sixty (60) days after entry of a final judgment in this action which is not subject to any possible appeals, all Confidential and Highly Confidential Information shall be destroyed by all receiving parties or shall be returned to the Producing Party, except as provided in sub-paragraph (b) below. After a Receiving Party destroys any such Confidential and Highly Confidential Information, that party shall notify the Producing Party in writing confirming the same.

(b) Notwithstanding the foregoing, outside counsel of record for each party may maintain in its files: its correspondence file of this case; its pleading file (including all briefs, memoranda, affidavits, and all papers served by/on the party represented); one copy of each document filed with the Court containing Confidential or Highly Confidential Information; one copy of all depositions transcripts (and exhibits) and any notes or memoranda relating thereto; and all legal research memoranda. Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business. All of the above materials shall remain subject to the terms of this Order.

25. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

**AGREED TO BY:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: /s/Jack B. Blumenfeld
    Jack B. Blumenfeld (#1014)
    Maryellen Noreika (#3208)
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE 19899-1347
    Tel: (302)-658-9200

    and

    Gerald Sobel
    Richard G. Greco
    Benjamin C. Hsing
    Daniel Boglioli
    KAYE SCHOLER LLP
    425 Park Avenue
    New York, NY 10022-3598
    Tel: (212)-823-8000

*Attorneys for Plaintiffs*
*OSI Pharmaceuticals, Inc., Pfizer, Inc., and Genentech, Inc.*

PHILLIPS, GOLDMAN & SPENCE, P.A.

By: /s/John C. Phillips, Jr.
    John C. Phillips, Jr. (#110)
    1200 North Broom Street
    Wilmington, DE 19806
    Tel: (302)-655-4200

    and

    James H. Wallace, Jr.
    Mark A. Pacella
    WILEY REIN LLP
    1776 K Street, NW
    Washington, D.C. 20006
    Tel: (202) 719-7000

*Attorneys for Defendant Mylan Pharmaceuticals Inc.*

STEVENS & LEE P.C.

By: /s/Joseph H. Huston, Jr.
    Joseph H. Huston, Jr. (#4035)
    1105 North Market Street, 7th Floor
    Wilmington, Delaware 19801
    Tel: (302)-425-3310

    and

    Thomas J. Meloro
    Michael W. Johnson
    Colman B. Ragan
    Genevieve E. Blake
    WILLKIE FARR & GALLAGHER LLP
    787 Seventh Avenue
    New York, NY 10019-6099
    Tel: (212) 728-8000

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

**SO ORDERED** this \_\_\_\_\_ day of _____, 2009.

UNITED STATES DISTRICT JUDGE

_____