## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSI PHARMACEUTICALS, INC., PFIZER, INC. and GENENTECH, INC.,        Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC.,        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 09-185 (SLR) (LPS)<br>       (Consolidated) |

### ANSWER TO AMENDED COMPLAINT

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA" or "Defendant") answers the Complaint of OSI Pharmaceuticals, Inc. ("OSI"), Pfizer, Inc. ("Pfizer"), and Genentech, Inc. ("Genentech") (collectively "Plaintiffs"), as follows:

### Nature of the Action

1.      The allegations of Paragraph 1 of the Complaint state a legal conclusion to which no response is required.  Teva USA admits that Plaintiffs purport to state a claim for patent infringement under the patent laws of the United States arising from Teva USA's filing of an Abbreviated New Drug Application ("ANDA") seeking approval to commercially market erlotinib hydrochloride tablets prior to the expiration of U.S. Patent Nos. RE 41,065 ("the RE '065 patent"), 6,900,221 ("the '221 patent") and 7,087,613 ("the '613 patent").  Teva USA otherwise denies the allegations of Paragraph 1 of the Complaint.

**The Parties**

2.      Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.      Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies them.

4.      Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies them.

5.      Teva USA admits the allegations of Paragraph 5 of the Complaint.

6.      Teva USA admits that it sells pharmaceutical products.  Teva USA does not contest that this Court has personal jurisdiction over Teva USA in this action.

7.      Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.      Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies them.

**Jurisdiction and Venue**

9.      Teva USA admits the allegations of Paragraph 9 of the Complaint for the purposes of this action.

10.     Teva USA does not contest that this Court has personal jurisdiction over Teva USA in this action.  Teva USA otherwise denies the allegations of Paragraph 10 of the Complaint.

11.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies them.

12.     Teva USA does not contest venue in this action.  Teva USA otherwise denies the allegations of Paragraph 12 of the Complaint.

## The Patents-in-Suit

13.     Teva USA admits that the '498 patent is entitled "Alkynyl and Azido-Substituted 4-Analinoquinazolines", that it states on its face that it issued on May 5, 1998 and that it names, on its face, Rodney Caughren Schnur and Lee David Arnold as inventors.  Teva USA admits that Exhibit A purports to be a copy of the '498 patent.  Teva USA otherwise denies the allegations of Paragraph 13 of the Complaint.

14.     Teva USA admits that the '498 patent lists, on its face, Pfizer as the assignee.  Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint and therefore denies them.

15.     Teva USA admits that an application for reissue of the '498 patent was filed on or about February 27, 2008, that the reissue application was given Serial No. 12/038,530, and that the USPTO has not yet granted the application.  Teva USA admits that the RE '065 patent is entitled "Alkynyl and Azido-Substituted 4-Analinoquinazolines", that it states on its face that it issued on December 29, 2009 and that it names, on its face, Rodney Caughren

-3-

Schnur and Lee David Arnold as inventors. Teva USA admits that Exhibit B purports to be a copy of the RE '065 patent. Teva USA otherwise denies the allegations of Paragraph 15 of the Complaint.

16.     Teva USA admits that the RE '065 patent lists, on its face, Pfizer as the assignee. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint and therefore denies them.

17.     The allegations of Paragraph 17 of the Complaint state a legal conclusion to which no response is required. Teva USA admits that claims 1, 2, 4 to 7, and 9 were not amended during the reissue. Teva USA also admits that claim 8 of the RE '065 recites a compound that is [6,7-bis(2-methoxyethoxy)quinazolin-4-yl]-(3-ethynylphenyl)-amine, which was one of the recited compounds in claim 8 of the '498 patent. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint and therefore denies them.

18.     Teva USA admits that the '221 patent is entitled "Stable Polymorph of N-(3-Ethynylphenyl)-6,7-Bis(2-MethoxyEthoxy)4-Quinazoline Hydrochloride, Methods of Production, and Pharmaceutical Uses Thereof", that it states on its face that it issued on May 31, 2005 and that it names, on its face, Timothy Norris, Jeffrey W. Raggon, Richard D. Cornell, James D. Moyer, Michael J. Morin, Shama M. Kajiji, Barbara A. Foster, Karen J. Ferrante, and Sandra L. Silberman as inventors. Teva USA admits that Exhibit C purports to be a copy of the '221 patent. Teva USA otherwise denies the allegations of Paragraph 18 of the Complaint.

19.     Teva USA admits that the '221 patent lists, on its face, OSI as the assignee. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint and therefore denies them.

20.     Teva USA admits that the '613 patent is entitled "Stable Polymorph of N-(3-Ethynylphenyl)-6,7-Bis(2-MethoxyEthoxy)4-Quinazoline Hydrochloride, Methods of Production, and Pharmaceutical Uses Thereof", that it states on its face that it issued on August 8, 2006 and that it names, on its face, Timothy Norris, Jeffrey W. Raggon, Richard D. Cornell, James D. Moyer, Michael J. Morin, Shama M. Kajiji, Barbara A. Foster, Karen J. Ferrante, and Sandra L. Silberman as inventors. Teva USA admits that Exhibit D purports to be a copy of the '613 patent. Teva USA otherwise denies the allegations of Paragraph 20 of the Complaint.

21.     Teva USA admits that the '613 patent lists, on its face, OSI as the assignee. Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint and therefore denies them.

### The TARCEVA® Drug Product

22.     The allegations of Paragraph 22 of the Complaint state a legal conclusion to which no response is required. Teva USA admits that OSI is listed in the Orange Book as the owner of New Drug Application ("NDA") No. 21-743 and that erlotinib hydrochloride is marketed under the trade name TARCEVA®. Teva USA otherwise denies the allegations of Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 of the Complaint state a legal conclusion to which no response is required. Teva USA admits that the RE '065, '221, and '613 patents are

listed in the Orange Book with respect to TARCEVA®.  Teva USA otherwise denies the

allegations of Paragraph 23 of the Complaint.

## Actions Giving Rise to This Suit

24.    The allegations of Paragraph 24 of the Complaint state a legal conclusion

to which no response is required.  Teva USA admits that it submitted ANDA No. 91-059 with

the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture,

use or sale of tablet products containing 25 mg, 100 mg, and 150 mg of erlotinib hydrochloride

prior to the expiration of the '498, '221, and '613 patents.  Teva USA otherwise denies the

allegations of Paragraph 24 of the Complaint.

25.    The allegations of Paragraph 25 of the Complaint state a legal conclusion

to which no response is required.  Teva USA admits that it provided written certifications to the

FDA setting forth its opinion that the '498, '221, and '613 patents are invalid, unenforceable,

and/or would not be infringed by the commercial manufacture, use or sale of Teva USA's 25 mg,

100 mg and 150 mg erlotinib hydrochloride tablets according to ANDA No. 91-059.  Teva USA

otherwise denies the allegations of Paragraph 25 of the Complaint.

26.    Teva USA admits that on February 6, 2009, it sent written notice of its

ANDA filing with respect to its proposed 100 and 150 mg erlotinib hydrochloride products to

OSI and Pfizer and that the notice alleged that the '498, '221, and '613 patents are invalid,

unenforceable and/or would not be infringed by the commercial manufacture, use or sale of Teva

USA's 100 mg and 150 mg erlotinib hydrochloride tablets according to ANDA No. 91-059 prior

to the expiration of the '498, '221, and '613 patents.  Teva USA otherwise denies the allegations

of Paragraph 26 of the Complaint.

27.     Teva USA admits that on March 16, 2009, it sent written notice of its ANDA filing with respect to its proposed 25 mg erlotinib hydrochloride products to OSI and Pfizer and that the notice alleged that the '498, '221, and '613 patents are invalid, unenforceable and/or would not be infringed by the commercial manufacture, use or sale of Teva USA's 25 mg erlotinib hydrochloride tablets according to ANDA No. 91-059 prior to the expiration of the '498, '221, and '613 patents. Teva USA otherwise denies the allegations of Paragraph 27 of the Complaint.

28.     The allegations of Paragraph 28 of the Complaint state a legal conclusion to which no response is required.   Teva USA otherwise denies the allegations of Paragraph 28.

29.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies them.

30.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies them.

31.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies them.

32.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies them.

## Count I

33.     Teva USA repeats and incorporates its Answers to Paragraphs 1-32 as though fully set forth herein.

34.     The allegations of Paragraph 34 of the Complaint state a legal conclusion to which no response is required. Teva USA admits that the submission of ANDA No. 91-059, including a certification under § 505(j)(2)(A)(vii)(IV) that the '498 patent is invalid, unenforceable and/or not infringed is sufficient to confer subject matter jurisdiction pursuant to § 271(e)(2)(A) against Teva USA. Teva USA denies the remaining allegations of Paragraph 34 of the Complaint.

35.     Teva USA denies the allegations of Paragraph 35 of the Complaint.

36.     Teva USA admits that there is a justiciable controversy between the parties regarding the RE '065 patent. Teva USA otherwise denies the allegations of Paragraph 36 of the Complaint.

37.     Teva USA denies the allegations of Paragraph 37 of the Complaint.

38.     Teva USA denies the allegations of Paragraph 38 of the Complaint.

39.     Teva USA denies the allegations of Paragraph 39 of the Complaint.

## Count II

40.     Teva USA repeats and incorporates its Answers to Paragraphs 33 through 39 as though fully set forth herein.

41.     The allegations of Paragraph 41 of the Complaint state a legal conclusion to which no response is required. Teva USA admits that the submission of ANDA No. 91-059, including a certification under § 505(j)(2)(A)(vii)(IV) that the '221 patent is invalid, unenforceable and/or not infringed is sufficient to confer subject matter jurisdiction pursuant to §

271(e)(2)(A) against Teva USA.  Teva USA denies the remaining allegations of Paragraph 41 of the Complaint.

42.     Teva USA denies the allegations of Paragraph 42 of the Complaint.

43.     Teva USA admits that there is a justiciable controversy between the parties regarding the '221 patent.  Teva USA otherwise denies the allegations of Paragraph 43 of the Complaint.

44.     Teva USA denies the allegations of Paragraph 44 of the Complaint.

45.     Teva USA denies the allegations of Paragraph 45 of the Complaint.

46.     Teva USA denies the allegations of Paragraph 46 of the Complaint.

## Count III

47.     Teva USA repeats and incorporates its Answers to Paragraphs 40 through 46 as though fully set forth herein.

48.     The allegations of Paragraph 47 of the Complaint state a legal conclusion to which no response is required.  Teva USA admits that the submission of ANDA No. 91-059, including a certification under § 505(j)(2)(A)(vii)(IV) that the '613 patent is invalid, unenforceable and/or not infringed is sufficient to confer subject matter jurisdiction pursuant to § 271(e)(2)(A) against Teva USA.  Teva USA denies the remaining allegations of Paragraph 48 of the Complaint.

49.     Teva USA denies the allegations of Paragraph 49 of the Complaint.

02/12/10/SL1 979695v1/030421.00323

50.     Teva USA admits that there is a justiciable controversy between the parties regarding the '613 patent. Teva USA otherwise denies the allegations of Paragraph 50 of the Complaint.

51.     Teva USA denies the allegations of Paragraph 51 of the Complaint.

52.     Teva USA denies the allegations of Paragraph 52 of the Complaint.

53.     Teva USA denies the allegations of Paragraph 53 of the Complaint.

## Count IV

54.     Teva USA repeats and incorporates its Answers to Paragraphs 47 through 53 as though fully set forth herein.

55.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore denies them.

56.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore denies them.

57.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore denies them.

58.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and therefore denies them.

59.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and therefore denies them.

60.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and therefore denies them.

## Count V

61.     Teva USA repeats and incorporates its Answers to Paragraphs 54 through 60 as though fully set forth herein.

62.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and therefore denies them.

63.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and therefore denies them.

64.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and therefore denies them.

65.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and therefore denies them.

66.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint and therefore denies them.

67.     Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and therefore denies them.

## Count VI

68.    Teva USA repeats and incorporates its Answers to Paragraphs 61 through 67 as though fully set forth herein.

69.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint and therefore denies them.

70.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint and therefore denies them.

71.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint and therefore denies them.

72.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint and therefore denies them.

73.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and therefore denies them.

74.    Teva USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint and therefore denies them.

## DEFENSES

### First Defense
### (Noninfringement of the RE '065 Patent)

75.    The manufacture, use, sale, offer for sale or importation into the United States of erlotinib hydrochloride pursuant to ANDA No. 91-059 will not infringe any valid and/or enforceable claim of the RE '065 patent.

-12-

## Second Defense
### (Noninfringement of the '221 Patent)

76.     The manufacture, use, sale, offer for sale or importation into the United States of erlotinib hydrochloride pursuant to ANDA No. 91-059 will not infringe any valid and/or enforceable claim of the '221 patent.

## Third Defense
### (Noninfringement of the '613 Patent)

77.     The manufacture, use, sale, offer for sale or importation into the United States of erlotinib hydrochloride pursuant to ANDA No. 91-059 will not infringe any valid and/or enforceable claim of the '613 patent.

## Fourth Defense
### (Invalidity of the RE '065 Patent)

78.     The claims of the RE '065 patent are invalid for failure to comply with one or more of the conditions for patentability as specified in Title 35 U.S.C. §§ 1 *et seq.*

## Fifth Defense
### (Invalidity of the '221 patent)

79.     The claims of the '221 patent are invalid for failure to comply with one or more of the conditions for patentability as specified in Title 35 U.S.C. §§ 1 *et seq.*

## Sixth Defense
### (Invalidity of the '613 Patent)

80.     The claims of the '613 patent are invalid for failure to comply with one or more of the conditions for patentability as specified in Title 35 U.S.C. §§ 1 *et seq.*

02/12/10/SL1 979695v1/030421.00323

## PRAYER FOR RELIEF

WHEREFORE, Teva USA demands judgment against Plaintiffs:

A.    Denying all relief sought in the Complaint and dismissing the Complaint with
      prejudice;

B.    Declaring all claims of the RE '065 patent are not, and will not be, infringed by
      the manufacture, use, offer for sale, sale, and/or importation of erlotinib
      hydrochloride pursuant to ANDA 91-059;

C.    Declaring all claims of the RE '065 patent invalid;

D.    Declaring all claims of the '221 patent are not, and will not be, infringed by the
      manufacture, use, offer for sale, sale, and/or importation of erlotinib
      hydrochloride pursuant to ANDA 91-059;

E.    Declaring all claims of the '221 patent invalid;

F.    Declaring all claims of the '613 patent are not, and will not be, infringed by the
      manufacture, use, offer for sale, sale, and/or importation of erlotinib
      hydrochloride pursuant to ANDA 91-059;

G.    Declaring all claims of the '613 patent invalid;

H.    Enjoining Plaintiffs, their assigns, and all those in privity therewith from asserting
      the RE '065 patent against Teva USA or any of its customers or suppliers;

I.     Enjoining Plaintiffs, their assigns, and all those in privity therewith from asserting the '221 patent against Teva USA or any of its customers or suppliers;

J.     Enjoining Plaintiffs, their assigns, and all those in privity therewith from asserting the '613 patent against Teva USA or any of its customers or suppliers;

K.     Awarding Teva USA their attorneys' fees pursuant to 35 U.S.C. § 285, and their costs and expenses; and

L.     Awarding Teva USA such other and further relief as may be just and proper.

Dated: February 12, 2010

/s/ Joseph H. Huston, Jr.
Joseph H. Huston, Jr. (No. 4035)
STEVENS & LEE P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware  19801
Telephone: (302) 425-3310
Facsimile:  (610) 371-7972
E-mail: jhh@stevenslee.com

-and-

Thomas J. Meloro
Michael W. Johnson
Colman B. Ragan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone:  (212) 728-8248
Facsimile:  (212) 728-8111
E-mail: tmeloro@willkie.com

*Attorneys for Defendant,*
*TEVA PHARMACEUTICALS USA, INC.*

02/12/10/SL1 979695v1/030421.00323