**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OSI PHARMACEUTICALS, INC., PFIZER INC., and GENENTECH, INC., | |
| Plaintiffs/Counterclaim Defendants, | |
| v. | C.A. No.  09-185-SLR-LPS (Consolidated) |
| TEVA PHARMACEUTICALS USA, INC. and MYLAN PHARMACEUTICALS INC., | |
| Defendants/Counterclaim Plaintiffs. | |

**ANSWER, DEFENSES, AND COUNTERCLAIMS OF MYLAN
PHARMACEUTICALS INC. TO PLAINTIFFS' AMENDED AND SUPPLEMENTAL
CONSOLIDATED COMPLAINT**

Defendant Mylan Pharmaceuticals Inc. ("Mylan"), answers the Amended and

Supplemental Consolidated Complaint ("Amended Complaint") of OSI Pharmaceuticals, Pfizer

Inc., and Genentech, Inc. ("Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.      The allegations of paragraph 1 of the Amended Complaint state a legal conclusion

to which no response is required.  To the extent a response is deemed to be required, Mylan

admits that Plaintiffs purport to bring this action pursuant to the patent laws of the United States,

Title 35 of the United States Code, arising from Mylan's filing an Abbreviated New Drug

Application with the United States Food and Drug Administration ("FDA"), seeking approval to

commercially market a generic version of OSI's TARCEVA® prior to the expiration of United

States Reissue Patent No. RE 41,065 ("the RE '065 patent") and United States Patent Nos.

6,900,221 ("the '221 patent") and 7,087,613 ("the '613 patent"), which Plaintiffs allege cover the TARCEVA® product.  Mylan denies the allegations of paragraph 1 except as expressly admitted.

## The Parties

2.      Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the same.

3.      Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies the same.

4.      Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies the same.

5.      Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6.      Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7.      Mylan admits that it is a West Virginia corporation and has its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

8.      Mylan admits that it is in the business of manufacturing generic pharmaceutical products and that its products are sold throughout the United States.  Mylan denies the remaining allegations of paragraph 8.

## Jurisdiction and Venue

9.      Paragraph 9 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Mylan admits that Plaintiffs allege patent infringement and that Plaintiffs rely on the statutes cited in paragraph 9 as the basis for their cause of action and

subject matter jurisdiction. Mylan admits that this Court has jurisdiction over the subject matter of this action.

10.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies the same.

11.     Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Mylan does not contest personal jurisdiction in this district for the purposes of this action only. Mylan denies all other allegations of paragraph 11.

12.     Paragraph 12 contains conclusions of law and not averments of facts. Insofar as an answer is required, Mylan admits that venue appears to be proper under the statutory provisions cited by Plaintiffs. Mylan otherwise denies the allegations of paragraph 12 of the Complaint.

## The Patents-in-Suit

13.     Mylan admits that, on its face, U.S. Patent No. 5,747,498 ("the '498 patent") purports to have issued on May 5, 1998, states as its title "Alkynyl and Azido-Substituted 4-Anilinoquinazolines," and lists as named inventors Rodney Caughren Schnur and Lee Daniel Arnold. Mylan denies that the '498 patent was duly and lawfully issued. Exhibit A speaks for itself. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies the same.

14.     Mylan admits that the face of the '498 patent identifies Pfizer as the assignee. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies the same.

15.     Mylan admits that, on its face, the RE '065 patent purports to have been reissued on December 29, 2009, states as its title "Alkynyl and Azido-Substituted 4-Anilinoquinazolines,"

and lists as named inventors Rodney Caughren Schnur and Lee Daniel Arnold.  Mylan denies

that the RE '065 patent was duly and lawfully reissued.  Exhibit B speaks for itself.  Mylan is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 15 and therefore denies the same.

      16.     Mylan admits that the face of the RE '065 patent identifies Pfizer, Inc. and OSI

Pharmaceuticals, Inc. as the assignees.  Mylan is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the

same.

      17.     Mylan admits that the RE '065 patent contains certain claims which, on their face,

have the same or substantially the same language as certain claims in the '498 patent.  Mylan

admits that, on their face, claims 1, 2, 4-7, and 9 of the RE '065 patent recite the same language

as used in claims 1, 2, 4-7, and 9 of the '498 patent, respectively.  Mylan denies that claim 8 of

the RE '065 patent is identical or substantially identical to claim 8 of the '498 patent.  Mylan is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 17 and therefore denies the same.

      18.     Mylan admits that, on its face, the '221 patent purports to have issued on May 31,

2005, states as its title "Stable Polymorph on N-(3-Ethynylphenyl)-6, 7-Bis(2MethoxyEthoxy-4-

Quinazolinamine Hydrochloride, Methods of Production, and Pharmaceutical Uses Thereof,"

and lists as named inventors Timothy Norris, Jeffrey W. Raggon, Richard D. Connell, James D.

Moyer, Michael J. Morin, Shama M. Kajiji, Barbara A. Foster, Karen J. Ferrante, and Sandra L.

Silberman.  Mylan denies that the '221 patent was duly and lawfully issued.  Exhibit C speaks

for itself.  Mylan is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 18 and therefore denies the same.

19.     Mylan admits that the face of the '221 patent identifies OSI Pharmaceuticals, Inc. as the assignee. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies the same.

20.     Mylan admits that, on its face, the '613 patent purports to have issued on August 8, 2006, states as its title "Treating Abnormal Cell Growth With a Stable Polymorph on N-(3-Ethynylphenyl)-6,7-Bis(2MethoxyEthoxy)-4-Quinazolinamine Hydrochloride," and lists as named inventors Timothy Norris, Jeffrey W. Raggon, Richard D. Connell, James D. Moyer, Michael J. Morin, Shama M. Kajiji, Barbara A. Foster, Karen J. Ferrante, and Sandra L. Silberman. Mylan denies that the '613 patent was duly and lawfully issued. Exhibit D speaks for itself. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21.     Mylan admits that the face of the '613 patent identifies OSI Pharmaceuticals, Inc. as the assignee. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

### The TARCEVA® Drug Product

22.     The allegations of paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Mylan admits that OSI holds a New Drug Application ("NDA") for erlotinib hydrochloride tablets which are sold under the trade name TARCEVA®. Mylan admits that the '498, RE '065, '221, and '613 patents are listed in the FDA's "Orange Book" in connection with TARCEVA®. Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies the same.

23.    The allegations of paragraph 23 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Mylan admits that the '498, RE '065, '221, and '613 patents are listed in FDA's Orange Book with respect to TARCEVA®.  Mylan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies the same.

### Acts Giving Rise to This Suit

24.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies the same.

28.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies the same.

29.    The allegations of paragraph 29 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Mylan admits that it submitted ANDA No. 91-002 to FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)), seeking FDA approval to commercially sell its non-infringing erlotinib hydrochloride tablets (25 mg, 100 mg, and 150 mg) ("Mylan's Proposed Products"), prior to the expiration of the '498, '221, and '613 patents.  Mylan denies the allegations of paragraph 29 except as expressly admitted.

30.     The allegations of paragraph 30 of the Amended Complaint state a legal

conclusion to which no response is required.  To the extent a response is deemed to be required,

Mylan admits that it has provided written certification to FDA, as called for by § 505 of the

FFDCA, alleging that the claims of the '498, '221, and '613 patents are invalid, unenforceable,

and/or will not be infringed by the commercial manufacture, use or sale of Mylan's Proposed

Products.  Mylan denies the allegations of paragraph 30 except as expressly admitted.

31.     Mylan admits that, on February 23, 2009, Mylan (through its outside counsel)

sent to Plaintiffs OSI and Genentech a Notice of Paragraph IV Certification as to the '498, '221,

and '613 patents in accordance with § 355(j)(2)(B)(ii) of the FFDCA, notifying Plaintiffs that the

claims of the '498, '221, and '613 patents are invalid, unenforceable, and/or will not be infringed

by Mylan and that Mylan seeks approval to market Mylan's Proposed Products before those

patents expire.

32.     The allegations of paragraph 32 state a legal conclusion to which no response is

required.  To the extent a response is deemed to be required, Mylan admits that this action was

brought on March 19, 2009.  Mylan denies the allegations of paragraph 32 except as expressly

admitted.

### Count I: Teva Filing of the ANDA Allegedly Infringes the RE '065 Patent

33.     Mylan repeats its answers to paragraphs 1 to 32, above, as if set forth here.

34.     Mylan is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 34 and therefore denies the same.

35.     Mylan is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 35 and therefore denies the same.

36.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the same.

37.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the same.

39.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies the same.

## Count II: Teva Filing of the ANDA Allegedly Infringes the '221 Patent

40.    Mylan repeats its answers to paragraphs 1 to 39, above, as if set forth here.

41.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same.

44.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies the same.

45.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46.    Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies the same.

## Count III: Teva Filing of the ANDA Allegedly Infringes the '613 Patent

47.     Mylan repeats its answers to paragraphs 1 to 46, above, as if set forth here.

48.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies the same.

49.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies the same.

50.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies the same.

51.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies the same.

52.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies the same.

53.     Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same.

## Count IV: Mylan Filing of the ANDA Allegedly Infringes the RE '065 Patent

54.     Mylan repeats its answers to paragraphs 1 to 53, above, as if set forth here.

55.     The allegations of paragraph 55 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Mylan admits that it submitted ANDA No. 91-002 to FDA under § 505(j) of FFDCA (21 U.S.C. § 355(j)), seeking FDA approval to commercially sell Mylan's Proposed Products prior to the expiration of the '498 patent.  Mylan denies the remaining allegations of paragraph 55.

56.     Mylan denies the allegations in paragraph 56.

57.     Mylan admits that there is a justiciable controversy between the parties regarding the RE '065 patent.  Mylan otherwise denies the allegations in paragraph 57.

58.     Mylan denies the allegations in paragraph 58.

59.     Mylan denies the allegations in paragraph 59.

60.     Mylan denies the allegations in paragraph 60.

**Count V: Mylan Filing of the ANDA Allegedly Infringes the '221 Patent**

61.     Mylan repeats its answers to paragraphs 1 to 60, above, as if set forth here.

62.     The allegations of paragraph 62 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Mylan admits that it submitted ANDA No. 91-002 to FDA under § 505(j) of FFDCA (21 U.S.C. § 355(j)), seeking FDA approval to commercially sell Mylan's Proposed Products prior to the expiration of the '221 patent.  Mylan denies the remaining allegations of paragraph 62.

63.     Mylan denies the allegations in paragraph 63.

64.     Mylan admits that there is a justiciable controversy between the parties regarding the '221 patent.  Mylan otherwise denies the allegations of paragraph 64 of the Complaint.

65.     Mylan denies the allegations in paragraph 65.

66.     Mylan denies the allegations in paragraph 66.

67.     Mylan denies the allegations in paragraph 67.

**Count VI: Mylan Filing of the ANDA Allegedly Infringes the '613 Patent**

68.     Mylan repeats its answers to paragraphs 1 to 67, above, as if set forth here.

69.     The allegations of paragraph 69 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Mylan admits that it submitted ANDA No. 91-002 to FDA under § 505(j) of FFDCA (21 U.S.C.

§ 355(j)), seeking FDA approval to commercially sell Mylan's Proposed Products prior to the expiration of the '613 patent. Mylan denies the remaining allegations of paragraph 69.

70.     Mylan denies the allegations in paragraph 70.

71.     Mylan admits that there is a justiciable controversy between the parties regarding the '613 patent. Mylan otherwise denies the allegations of paragraph 71 of the Complaint.

72.     Mylan denies the allegations in paragraph 72.

73.     Mylan denies the allegations in paragraph 73.

74.     Mylan denies the allegations in paragraph 74.

* * *

Unless expressly admitted above, Mylan denies each and every allegation contained in the Amended Complaint. Mylan further denies that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## DEFENSES

### First Defense

The manufacture, use, or sale of the products that are the subject of Mylan's ANDA No. 91-002 ("the Mylan Products") has not infringed, does not infringe, and would not, if marketed, infringe any valid claims of the RE '065, '221, or '613 patents, either literally or under the doctrine of equivalents.

### Second Defense

The claims of the RE '065, '221, and '613 patents are invalid for failure to satisfy one or more conditions for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense

Mylan expressly reserves any and all additional defenses and counterclaims that discovery may reveal.

WHEREFORE, Mylan respectfully requests that the Court (i) dismiss the Complaint with prejudice; (ii) deny all relief sought by Plaintiffs; (iii) enter judgment in favor of Mylan; (iv) award Mylan its reasonable attorney's fees and costs incurred defending this action pursuant to 35 U.S.C. § 285; (v) award Mylan its costs of defending this action; and (vi) award Mylan such further relief as the law and the facts may warrant, and the Court deems just and proper.

### COUNTERCLAIMS

For their counterclaims against OSI Pharmaceuticals, Inc., Pfizer Inc. and Genentech, Inc. (Plaintiffs/Counterclaim Defendants), Defendant/Counterclaim Plaintiff Mylan Pharmaceuticals Inc. ("Mylan") states as follows:

### Parties

1.     In their Amended and Supplemental Consolidated Complaint ("Amended Complaint"), Plaintiffs allege that OSI Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 41 Pinelawn Road, Melville, New York 11747.

2.     In their Amended Complaint, Plaintiffs allege that Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 235 East 42nd Street, New York, New York 10017.

3.     In their Amended Complaint, Plaintiffs allege that Genentech, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 DNA Way, South San Francisco, California 94080-4990.

4.     Mylan is a corporation organized and existing under the laws of the State of West Virginia, having its headquarters at 781 Chestnut Ridge Road, West Virginia 26504.

## Jurisdiction and Venue

5.     These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a).

7.     The Court has personal jurisdiction over Plaintiffs/Counterclaim Defendants because each of the Plaintiffs has availed itself of the rights and privileges of this forum by suing Mylan in this judicial district.

8.     Venue for these Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## Patents in Suit

9.     On or about May 5, 1998, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 5,747,498 ("the '498 Patent"), entitled "Alkynyl and Azido-Substituted 4-Anilinoquinazolines."

10.     On or about December 29, 2009, the PTO reissued United States Patent No. RE 41,065 ("the RE '065 patent"), entitled "Alkynyl and Azido-Substituted 4-Anilinoquinazolines."

11.     On or about May 31, 2005, the PTO issued United States Patent No. 6,900,221 ("the '221 patent"), entitled "Stable Polymorph on N-(3-Ethynylphenyl)-6, 7-Bis(2MethoxyEthoxy-4-Quinazolinamine Hydrochloride, Methods of Production, and Pharmaceutical Uses Thereof."

13

12.    On or about August 8, 2006, the PTO issued United States Patent No. 7,087,613, entitled "Treating Abnormal Cell Growth With a Stable Polymorph on N-(3-Ethynylphenyl)-6,7-Bis(2MethoxyEthoxy)-4-Quinazolinamine Hydrochloride."

13.    The '498, RE '065, '221, and '613 patents are listed in the FDA's Orange Book in connection with approved New Drug Application No. 021743 for erlotinib hydrochloride tablets.

14.    On February 23, 2009, Mylan Pharmaceuticals sent Plaintiffs notice pursuant to 21 U.S.C. § 505(j)(2)(B)(iv) that it had filed ANDA No. 91-002 containing a "Paragraph IV Certification" that the products defined by that ANDA ("the Mylan Products") would not, if marketed, infringe any valid claims of the '498, '221, or the '613 patent.

<u>**Actual and Continuing Controversy**</u>

15.    On March 19, 2009, Plaintiffs sued Mylan in this judicial district alleging infringement of the '498, '221, and '613 patents.

16.    On January 29, 2010, Plaintiffs filed an Amended and Supplemental Consolidated Complaint, alleging infringement of the RE '065, '221, and '613 patents by Mylan.

17.    Mylan denies infringement of the RE '065, '221, and '613 patents and alleges that the RE '065, '221, and '613 patents are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Laws, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

18.    There is an actual, substantial, and continuing justiciable case or controversy between Mylan and the Plaintiffs regarding the infringement and validity of the RE '065, '221, and '613 patents, as evidenced by Plaintiffs' Complaint and Amended Complaint and Mylan's Answer in this action.

**First Claim for Relief**
**(Declaratory Judgment of Invalidity of the RE '065, '221, and '613 Patents)**

19.     Mylan restates and realleges each of the foregoing paragraphs as if fully set forth herein.

20.     The claims of the RE '065 patent are invalid for failing to meet one or more of the conditions for patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     The claims of the '221 patent are invalid for failing to meet one or more of the conditions for patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.     The claims of the '613 patent are invalid for failing to meet one or more of the conditions for patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Second Claim for Relief**
**(Declaratory Judgment of Non-Infringement of the RE '065, '221, and '613 Patents)**

23.     Mylan restates and realleges each of the foregoing paragraphs as if fully set forth herein.

24.     Mylan has not infringed, does not infringe, and will not infringe any valid, enforceable claim of the RE '065 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

25.     Mylan has not infringed, does not infringe, and will not infringe any valid, enforceable claim of the '221 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

26.     Mylan has not infringed, does not infringe, and will not infringe any valid, enforceable claim of the '613 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

* * * *

## Prayer for Relief

WHEREFORE, Mylan prays for judgment against Plaintiffs:

(a)     Denying all relief sought in the Amended Complaint and dismissing the Amended Complaint herein with prejudice;

(b)     Declaring that the manufacture, use, sale, offer for sale, or importation of the drug products that are the subject of Mylan's ANDA No. 91-002 have not infringed, do not infringe and would not, if marketed, used, sold, offered for sale, or imported, directly infringe any valid claim of the RE '065, '221, and '613 patents, either literally or under the doctrine of equivalents, by inducement of infringement or otherwise;

(c)     Declaring that Mylan has not induced and/or contributed to infringement by others, is not inducing and/or contributing to infringement by others, and will not induce and/or contribute to infringement by others;

(d)     Declaring that the claims of the RE '065, '221, and '613 patents are invalid;

(e)     Permanently enjoining Plaintiffs, their officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with any of them, from asserting or otherwise seeking to enforce the RE '065, '221, and '613 patents against Mylan or any of its customers or suppliers;

(f)     Awarding Mylan the costs incurred by it in this action;

(g)     Declaring this case exceptional and awarding Mylan the reasonable attorneys fees and costs incurred by it pursuant to 35 U.S.C. § 285; and

(h)     Awarding Mylan such other relief as the Court deems just and proper.

16

Respectfully submitted,

Date: February 12, 2010

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/  John C. Phillips, Jr.

John C. Phillips, Jr. (Bar No. 110)
Brian E. Farnan (Bar No. 4089)
1200 North Broom Street
Wilmington, DE 19806
JCP@pgslaw.com
Tel: (302) 655-4200
Fax: (302) 655-4210

- and –

James H. Wallace, Jr. (*pro hac vice*)
Mark A. Pacella (*pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Attorneys for Defendant Mylan
Pharmaceuticals Inc.*