IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSI PHARMACEUTICALS, INC., PFIZER, INC., and GENENTECH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. and MYLAN PHARMACEUTICALS, INC., <br><br> Defendants. | Civ. No. 09-185-SLR <br> (Consolidated) |

## MEMORANDUM ORDER

At Wilmington this 25th day of February, 2011, having reviewed the papers submitted in connection with defendants' motion for leave to amend their pleadings;

IT IS ORDERED that said motion (D.I. 172) is denied, for the reasons that follow:

1. **Legal standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Although "[t]he court should freely give leave when justice so requires," *id.*, the court should consider in this regard whether the record reflects "undue delay, bad faith, dilatory motive, prejudice [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2. **Background.** Plaintiffs filed their complaint alleging patent infringement in March of 2009. According to the scheduling order entered by the court (D.I. 21), pleadings were to be amended on or before January 29, 2010. On April 27, 2010, the

parties filed a stipulation that the scheduling order be amended to extend certain deadlines, that is, the deadlines for both fact discovery (from June 9 to July 30, 2010) and expert discovery (from November 24 to December 17, 2010). With respect to expert discovery, opening expert reports were due, under the amended schedule, on or before August 27, with rebuttal reports due on or before October 27 and reply reports due on or before November 17, 2010. Even with the extensions, the parties were still taking fact depositions in August. Defendants filed their motion to amend on October 25, 2010, seeking to add claims of inequitable conduct and double patenting. Defendants argue in this regard that "good cause" exists for their seeking leave to amend long past the deadline to do so, "[b]ased on the volume of documents produced by plaintiffs, the specificity required by Rule 9(b), and the protracted discovery proceedings." (D.I. 184 at 6) Trial is scheduled to commence on March 14, 2011.

3. **Analysis.** Having reviewed the papers associated with defendants' motion to amend, I note the following: First, although defendants complain about the volume of documents produced in January 2010, certainly the documents at issue were available well before October 2010. Second, although defendants argue that they resisted filing their motion until the conclusion of the August depositions in order to satisfy the specificity requirement of Rule 9(b), there is not one citation to said depositions in their opening brief, only conclusory statements of what the testimony arguably had been. (D.I. 173)[1] Finally, although I gave defendants the opportunity to demonstrate that their

---

[1] I concede that defendants submitted several excerpts from the depositions with their reply brief, in response to plaintiffs' opposition, but the question is whether they pursued the motion to amend with due diligence in the first instance.

2

double patenting claim had been fully vetted through discovery, defendants in their letter submission changed their legal argument from that of "alleg[ing] that claim 53 of the '221 patent is invalid for non-statutory double patenting over the RE '065 patent" (*id.* at 5) to that of asserting that "claim 53 of the '221 patent is invalid for obviousness-type double patenting over the claims of the '498 and RE '065 patents" (D.I. 201).

4. In denying defendants' motion to amend, I am cognizant that both plaintiffs and defendants contend that their respective arguments better support the fair and efficient administration of justice. Plaintiffs argue that fairness is best ensured by adhering to an agreed-upon, court-ordered schedule; defendants argue that efficiency is best achieved by giving these parties the opportunity to resolve all possible claims and defenses at one time. Both positions have merit. However, a party who has missed a deadline by months and who files a motion at the conclusion of the pretrial proceedings without the courtesy of supporting their motion with the record citations for which they allegedly were waiting cannot be said to have pursued their motion with due diligence or care. In other words, in considering such factors as undue delay, bad faith, dilatory motive and prejudice, I conclude that justice does not require leave to amend in this instance.

_____
United States District Judge