IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSI PHARMACEUTICALS, INC., PFIZER INC. and GENENTECH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. and MYLAN PHARMACEUTICALS, INC., <br><br> Defendants. | Civ. Nos. 09-185-SLR, 09-186-SLR (Consolidated) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of March, 2011, having reviewed the motion for reconsideration filed by defendant Teva Pharmaceuticals USA, Inc., and plaintiffs' response thereto;

IT IS ORDERED that said motion (D.I. 214) is denied, for the reasons that follow:

1. **Standard.** The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment only if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the court issued its order; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Id.; see also, Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

2. A motion for reargument is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

3. **Analysis.** Teva has moved to amend its pleadings to assert that claim 53 of U.S. Patent No. 6,900,221 ("the '221 patent") is invalid based on obviousness-type double patenting over US RE41,065 ("RE '065 patent").[1] "[O]bviousness-type double patenting prohibits 'claims in a later patent that are not patentably distinct from claims in a commonly owned earlier patent.'" *Sun Pharmaceutical Industries, Ltd. v. Eli Lilly and Co.*, 611 F.3d 1381, 1384 (Fed. Cir. 2010) (citing *In re Basell Poliolefine Italia S.P.A.*, 547 F.3d 1371, 1375 (Fed. Cir. 2008). According to the Federal Circuit, an obviousness-type double patenting analysis consists of two steps: (1) the court

---

[1] Claim 53 of the '221 patent discloses "[t]he method of claim 44 for the treatment of non-small cell lung cancer (NSCLC)." Claim 44 of the '221 patent discloses "administering to [a] mammal a therapeutically effective amount of a pharmaceutical composition comprised of at least one of N-(3-ethynylphenyl)-6,7-bis(2-methoxyethoxy)-4-quinazolinamine, or pharmaceutically acceptable salts thereof in anhydrous or hydrate forms, and a carrier." The RE '065 patent identifies numerous compounds, e.g., for the treatment of brain, lung, squamous cell, bladder, gastric, pancreatic, breast, head, neck, oesophageal, gynecological or thyroid cancer. (RE '065 patent, claims 1, 12-14)

2

"construes the claim[s] in the earlier patent and the claim[s] in the later patent and determines the differences," *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.* 518 F.3d 1353, 1363 (Fed. Cir. 2008); and (2) the court "determines whether those differences render the claims patentably distinct." *Id.*

4. Although I am not entirely clear as to the factual underpinnings of Teva's defense, I believe Teva is relying on facts closely resembling those analyzed by the Federal Circuit in the above cited *Sun Pharmaceuticals* and *Pfizer* cases, as well as in *Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373 (Fed. Cir. 2003). In those cases, the Federal Circuit addressed the following scenario: An earlier patent claim disclosed a compound (and further disclosed its utility in the specification) and a later patent claim disclosed a method of using the compound for a use described in the specification of the earlier patent. In all of those cases, the Federal Circuit found the claims of the later patent invalid for obviousness-type double patenting over the earlier patent.

5. Teva has created procedural anomalies through its motion to amend. Teva asserts that claim 53 of the '221 patent is invalid because it is not patentably distinct from the RE '065 patent, even though the '221 patent is listed as prior art on the RE '065 patent.[2] Although it clearly had notice of the patents at issue and of the Federal Circuit precedent, Teva failed to amend its pleading until after discovery had closed. Given that, even in the context of claim construction, parties present extrinsic evidence to the court after discovery, and given the complexity of the RE '065 patent, I come to

---

[2]Recall that, "technically, the '498 patent is no longer a valid and enforceable patent, having been replaced by the RE '065 patent." (D.I. 214 at 1)

3

the same conclusion that Teva's motion to amend is untimely and prejudicial.

Therefore, its motion for reconsideration is denied.

_____
United States District Judge